IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 4:05-cr-11-RH-GRJ

TERRY LEE PRESLEY.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 51, Defendant's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion stems from Defendant's jury trial conviction for one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Defendant was sentenced to 84 months imprisonment; his sentence was affirmed on appeal. Docs. 33, 50.

The instant motion asserts three claims of ineffective assistance of trial and appellate counsel. The Government filed a Response arguing that the motion should be denied, and Defendant filed a reply. Docs. 54, 57. Upon due consideration of Defendant's motion to vacate, the Government's response, and Defendant's reply, the undersigned recommends that the motion to vacate be denied.[1]

## Background

Defendant was indicted and charged with possessing a firearm as a convicted felon on March 1, 2005. (Doc. 1.) The charge stemmed from a November 30, 2004,

---

[1] The issues presented by the motion may be resolved on the basis of the record, and therefore no evidentiary hearing is necessary. *See* Rule 8, Rules Governing Section 2255 Proceedings.

incident involving the execution of a search warrant at a mobile home owned by Defendant's mother. (Doc. 42, pp. 77-78.) As officers entered the home, Defendant ran out the back door and jumped down four feet to the ground, holding an object in his right hand which an officer thought might be a weapon. The officer told Defendant to reveal what was in his hands. At that time, the Defendant dropped to his knee and put his hand through the sheet metal skirting of the mobile home. (Id. at 80-81.) Defendant then stood up, with nothing in his hands, and ran but was apprehended shortly thereafter. (Id. at 86-87.) The officer looked under the skirting and found a firearm in the area Defendant had put his right hand. (Id. at 88.) Subsequent testing revealed that no fingerprints were found on the revolver. (Id. at 127.)

At his jury trial on September 19, 2005, Defendant testified that he arrived in Tallahassee on the day of his arrest and went to see his nephew. Defendant testified that upon arriving in the neighborhood, he saw his 11-year-old nephew and some other children playing with a gun. (Doc. 42, p. 144.) He testified that he took the gun to his mother's home, which was nearby, with the intention of giving it to her to turn in. However, his mother was not home, so he placed the gun under the skirting of the mobile home to keep a child that lived in the home from finding it. Defendant testified that after he placed the gun under the trailer he waited for his mother to arrive but she never did. In the meantime, he was inside the home with his sister, who also lived in the mobile home. (*Id*. at 145.) Defendant denied holding the gun when he ran from the trailer, denied hiding his hand from the officer, and denied running from the police. (*Id.* at 151-52.)

Defendant was sentenced on November 29, 2005 to an 84-month term of

*Case No: 4:05-cr-11-RH-GRJ*

imprisonment to run consecutively with a separate 18-month sentence for violation of supervised release.[2] (Docs. 32, 33, 42, 43.) *See also Case No. 4:97-cr-76-RH.* Petitioner unsuccessfully appealed his conviction. *United States v. Presley,* 487 F.3d 1346 (11th Cir. 2007). Defendant filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on October 20, 2008. Defendant asserts three claims of ineffective assistance of counsel. (Doc. 51.)

## Standard of Review

A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded the court's jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). Further, disposition of a claim of error on direct appeal precludes further review in a subsequent collateral proceeding. *See, e.g., Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).

Defendant's specific claims are set forth in his motion to vacate. Defendant

---

[2] Defendant was on supervised release for his underlying felony conviction at the time of his arrest for the instant charge of possession of a firearm by a convicted felon.

*Case No: 4:05-cr-11-RH-GRJ*

contends that his trial and appellate counsel rendered ineffective assistance for failing to (1) contest the search warrant executed on his sister's[3] home; (2) oppose a two-level upward adjustment for obstruction of justice; and (3) dispute the finality of his underlying felony conviction. (Doc. 51.)

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697. The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no competent

---

[3]Though Defendant refers to the home where the search warrant was executed on November 30, 2004 as his sister's home in his motion to vacate and reply, transcripts of his September 2005 trial indicate it was his mother's home. At trial, Defendant testified that it was his mother's home and his sister lived there as well. Doc. 42. The difference does not affect the Court's analysis of the issue.

*Case No: 4:05-cr-11-RH-GRJ*

counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted).

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

In assessing appellate counsel's performance, "the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue." *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991). Rather, "effective advocates 'winnow out' weaker arguments even though the weaker arguments may be meritorious." *Id*. at 1131. When appellate counsel reviews the entire record, thinks about various claims, and then chooses to pursue only certain issues on appeal, counsel has not rendered ineffective assistance. *Id*. Although a non-appealed issue might have been successful if it had been raised, appellate advocacy must be "judged in its entirety." *Id*. To determine prejudice in the context of appellate counsel's effectiveness, the Court must review the merits of the neglected claim or claims. *Heath*, 941 F.2d at 1132. Failure to raise a claim will not be found prejudicial unless the claim would have a reasonable probability of success on appeal. *Id*.

## Discussion

### (1) Failure to Contest Search Warrant

Defendant argues that his trial and appellate counsel rendered constitutionally ineffective assistance for failing to challenge the validity of the search warrant executed

on a family member's home.  Defendant claims that trial counsel "would have been able to discover the indisputable evidence that the search warrant. . .was actually not founded upon probable cause." (Doc. 51, p. 6.)  Defendant fails to explain what this "indisputable evidence" might be.  Nor does he point to any facts that would support a finding that he had standing to challenge the search warrant.

In order to have standing to challenge a search warrant, one must have a reasonable expectation of privacy in the premises searched.  To succeed on a motion to suppress, Defendant's trial counsel would have had to establish that Defendant had standing to challenge the search.  *See Minnesota v. Carter,* 525 U.S. 83, 89 (1998), Rakas v. Illinois, 439 U.S. 129 (1978).  *See also Thornton v. United States,* 193 F. Supp. 2d 1026, 1029 (E.D. Mich. 2002) (rejecting habeas petitioner's ineffective assistance of counsel claim where petitioner did not have standing to challenge search warrant).  Defendant focuses his arguments on perceived flaws in the original search warrant and he fails to point to any evidence that would establish his standing to challenge the search warrant.  Further, upon review of the record, this Court does not find any facts that would indicate that Defendant had standing to challenge a search warrant at the home of a family member.

A trial, Defendant testified that on the day of his arrest he came to Tallahassee from "out of town" and "hadn't been around [the neighborhood where is mother lived] for maybe like a year and a half." (Doc. 42, pp. 144-45.)  He referred to the home where the search warrant was executed as his mother's house and there is no evidence in the record or in Defendant's filings in the instant habeas proceeding to indicate that Defendant lived in the home or was an overnight guest who might have a reasonable

Page 7 of 11

expectation of privacy in the home.

Trial counsel did not file a motion to challenge the search warrant because Defendant did not have standing.  Likewise, appellate counsel was justified in not challenging an issue that was not properly preserved for appeal and was not supported by the record.  Accordingly, this Court concludes that Defendant has not demonstrated that his counsels' performance was deficient with regard to the search warrant issue, nor has he demonstrated prejudice.

**(2) Failure to Oppose a Two-Level Upward Adjustment for Obstruction of Justice**

Defendant argues that his trial and appellate counsel rendered constitutionally ineffective assistance for failing to object to the district court's two-level obstruction of justice enhancement because the enhancement was  based on facts not submitted to the jury.  The record shows that Defendant's presentencing report calculated a Total Offense Level of 20, a Criminal History Category of V, and a resulting guidelines range of 63 to 78 months.  (Doc. 43, p. 2.)  The Government objected to the report's failure to increase the offense level for obstruction of justice.  Defense counsel objected to the report's failure to give Defendant credit for accepting responsibility.  (*Id*.)

The court found that Defendant had not accepted responsibility for the offense. (*Id.* at 49.)  The court also found that Defendant had obstructed justice by giving deliberately false testimony, describing in detail the testimony upon which the Court relied in concluding that Defendant had obstructed justice.  Specifically, the court found that despite Defendant's assertion that he hid the gun under the mobile home prior to the arrival of the officers in effort to keep children from harm, the evidence showed that Defendant fled from the home upon the officers' arrival "expecting to flee with the gun in

hand, and pitched it or put it under the house only when it turned out there was an officer at the back door that he was trying to flee out of." (*Id*. at 52-53.) The court found that Defendant "knew the facts and gave false testimony in an effort to help himself in the trial." (*Id*. at 53.) As a result of the court's finding, Defendant's Total Offense Level was increased two points to 22, and his adjusted guideline range was 77-96 months. (*Id.*)

Trial counsel objected to the obstruction of justice enhancement, despite Defendant's claim to the contrary. Defendant's counsel questioned the materiality of the discrepancy between Defendant and the officer's testimony and further attempted to persuade the court to refrain from finding that Defendant obstructed justice. (*Id.* at 50-51.)

To the extent Defendant is arguing that trial counsel erred for not objecting to the enhancement on Sixth Amendment grounds–i.e., that the facts underlying the enhancement should have been submitted to a jury–this claim is meritless. Defendant appears to argue that trial counsel should have argued *Apprendi* issues and appellate counsel should have raised the issues on appeal. In *Apprendi*, the U.S. Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000). However, in a case where the defendant's sentence is at or below the statutory maximum penalty, *Apprendi* does not apply. *See United States v. Clay,* 376 F.3d 1296, 1301 (11th Cir. 2004) (citing *United States v. Sanchez,* 269 F.3d 1250, 1268 (11th Cir. 2001)). With the obstruction of justice enhancement, Defendant was sentenced to 7

years imprisonment. The statutory maximum for violating 18 U.S.C. §§ 922(g) and 924(a)(2) was 10 years. Thus, Defendant was sentenced below the statutory maximum and thus *Apprendi* is not applicable. *See also United States v. Hunt,* 459 F.3d 1180, 1182 (11th Cir. 2006) ("The court may still make findings of fact so long as the judicial factfinding does not increase the defendant's sentence beyond the statutory maximum triggered by the facts conceded or found by a jury beyond a reasonable doubt.") (citing *United States v. Booker,* 543 U.S. 220, 262 (2005)).

Neither trial nor appellate counsel can be deemed ineffective for not raising an *Apprendi* issue with regard to the obstruction of justice enhancement. Further, trial counsel objected to the materiality of the Court's basis for the enhancement, and the finding was well-supported in the record. Appellate counsel is not required to raise every issue on appeal. Accordingly, this Court concludes that Defendant has not demonstrated that his counsels' performance was deficient with regard to the obstruction of justice enhancement issue, nor has he demonstrated prejudice.

### (3) Failure to Dispute the Finality of the Underlying Felony Conviction

Defendant argues that his trial and appellate counsel rendered constitutionally ineffective assistance for failing to dispute the finality of his underlying felony conviction. At trial, both parties stipulated to the fact that Defendant was convicted of a felony–conspiracy to distribute and possess with intent to distribute a controlled substance–in August 1998 (Case No. 4:97-cr-76-RH). (Doc. 42, p. 136, Gov. Exh. 5 at trial.) The stipulation was read into the record at trial in the presence of Defendant and no objections were made by either party. (*Id.*) Defendant testified at trial that prior to November 30, 2004 he had been convicted of a felony and he knew he could not

possess a firearm. (*Id*. at 150.) A review of the docket in Case No. 4:97-cr-76-RH, Defendant's underlying felony conviction, reveals that he was sentenced in 1998 to 2 years in prison and 3 years of supervised release after pleading guilty to conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. § 846, a felony. Defendant did not pursue a direct appeal of his conviction. In 2002 he admitted to three counts of violating supervised release. In 2003 a warrant was issued for Defendant's arrest for an additional VOSR but was not executed until 2005, while Defendant was incarcerated in the Leon County jail on other charges. Defendant did not file a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence until 2006. His motion was denied as untimely and Defendant did not allege facts that would support equitable tolling.

In light of the stipulation made at trial and the record regarding Defendant's underlying felony conviction, neither trial counsel nor appellate counsel demonstrated deficient performance by not challenging the finality of the underlying felony conviction. The record in the instant case also discloses that trial counsel did in fact dispute the prior conviction during the sentencing hearing: "As I've said, Your Honor, Mr. Presley still has a complaint against his former attorney, Mr. Elzie, as to whether he's a convicted felon." (Doc. 43, p.46.) The court pointed out that Defendant was convicted in 1998, had a violation hearing in 2002, four years after his conviction, and because at that point he still had not filed a § 2255 habeas corpus petition it seemed unlikely that Defendant did not know that an appeal was not pending. (*Id.* at 47.) Defendant's trial counsel noted: "But since he is now being punished for that conviction, as having a higher criminal history category now than he had before, I think it's an argument – that's

something that should be at least put on the record as an objection." (*Id.* at 48.) The court noted the objection and ruled that Defendant's complaints were not a defense to his felon-in-possession charge and did change the application of the guidelines, pursuant to U.S. Supreme Court precedent. (*Id.*)

Neither trial nor appellate counsel can be deemed ineffective for not challenging the finality of Defendant's underlying conviction. Further, trial counsel preserved an objection to the prior felony conviction. Appellate counsel is not required to raise every issue on appeal. Accordingly, the Court concludes that Defendant has not demonstrated that his counsels' performance was deficient with regard to the finality of the underlying conviction issue, nor has he demonstrated prejudice.

## Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, Doc. 51, be **DENIED** and that a certificate of appealability be **DENIED.**

**IN CHAMBERS** this 30th day of September 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 4:05-cr-11-RH-GRJ*